UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DAHLIA BABAYOFF; and RAMI R.
BABAYOFF,

                      Plaintiffs                                  **MEMORANDUM & ORDER**
                                                                               22-CV-4700 (PKC) (RML)

       - against -

BANK OF AMERICA N.A.,

                      Defendant.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On August 15 and 16, 2022, *pro se* Plaintiffs Dahlia Babayoff and Rami Babayoff sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), requested a temporary restraining order and a preliminary injunction, and filed a Complaint against Bank of America N.A. ("BOA") alleging discriminatory denial of mortgage modification requests. For the reasons stated herein, the Court denies Plaintiffs' requests in their entirety. Plaintiffs have fourteen (14) days to pay the filing fees if they wish to proceed with this lawsuit.

## BACKGROUND

Plaintiffs, a married couple who own real property in Queens, New York, obtained a mortgage with BOA. (Compl., Dkt. 1, at 3.) On March 2021, and again in May 2022, BOA granted Plaintiffs a mortgage forbearance allowing them to temporarily pause or reduce their mortgage payments. (*Id*.) After each forbearance period, Plaintiff sought to modify their mortgage conditions. (*Id*.) Although each application included Dahlia Babayoff's "income" and Rami Babayoff's "social security pension," and was "back[ed] by [Plaintiffs' daughter]," Defendant BOA denied these applications stating it "cou[ld] not verify [Plaintiffs'] income." (*Id*.) Plaintiffs,

1

left "somewhat doubtful as to the intentions of the [Defendant]," now sue BOA for alleged "discrimination based on geographical location." (*Id*. at 2, 3.)

Likewise, based on the possibility that BOA "may . . . commence[] . . . foreclosure proceedings [sic][,] [a]lthough the Bank has verbally indicated that this is [sic] foreclosure will not occur[,]" Plaintiffs seek a Temporary Restraining Order and a Preliminary Injunction. (*See* Dkt. 2, at 1–2.) Plaintiffs ask the Court to direct BOA to apply a monthly payment of $2874.84—due on August 16, 2022—to Plaintiffs' August 2022 statement. (*Id.* at 2.) They also seek for their past due payments for May, June and July 2022 to be held in "suspense" during the pendency of this suit. (*Id.*)

## DISCUSSION

Plaintiffs' requests for a temporary restraining order and a preliminary injunction are denied. "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015); *Broecker v. New York City Dept. of Educ.*, No. 21-CV-6387 (KAM) (LRM), 2022 WL 426113, at *4 (E.D.N.Y. Feb. 11, 2022). Because "a showing of irreparable harm is 'the single most important prerequisite for the issuance of'" a temporary restraining order, *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009), Plaintiffs' conjecture that some foreclosure proceedings may ensue is patently insufficient to warrant immediate relief. *See New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) ("Irreparable harm is injury that is neither

remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." (citation omitted)).

Plaintiffs' companion requests to proceed *in forma pauperis* ("IFP") are likewise denied. A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. *See* 28 U.S.C. § 1915(a)(1). Courts have interpreted Section 1915's language—allowing dismissal of an IFP application when a litigant's "allegation of poverty is untrue," *id.* at § 1915(e)(2)(A)—to permit denial of IFP status when a litigant's statement of assets fails to establish a sufficient level of poverty. *See, e.g., Miller v. Smith*, No. 21-CV-2949 (JS) (AKT), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Engineers*, No. 21-CV-1901 (RPK) (LB), 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).

Plaintiffs' financial declarations do not satisfy the Court that they are unable to pay the Court's filing fee to commence this action. Dahlia Babayoff is presently employed and receives $1,152.03 weekly in salary and $503 a month from Social Security Retirement Benefits. (Dkt. 4, ¶ 2.) She also has $4,500 in a checking or savings account and expends roughly $4,265 each month. (*Id.* ¶¶ 4, 6.) She pays $880 for credit cards, in monthly credit card charges, but it is unclear if those charges are recurring. (*Id.*) Similarly, Rami Babayoff is presently employed and receives $750 a month in salary and $1,126 a month from Social Security Retirement Benefits. (Dkt. 3, ¶ 2.) He has $4,500 in a checking or savings account and expends roughly $900 each month. (*Id.* ¶¶ 4, 6, 8.) He also states that he pays $350 in monthly credit card charges, but it is unclear if those charges are recurring. (*Id.*) Because Plaintiffs are employed, receive retirement benefits, and have some savings, the Court is not persuaded that they are unable to pay the $402 filing fee to bring this action.

## CONCLUSION

Accordingly, the Court denies Plaintiffs' (1) requests for preliminary injunctive relief and for a temporary restraining order, and (2) applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiffs are granted fourteen (14) days' leave from the date of this Memorandum and Order to pay the $402 filing fee, if they wish to proceed with this action. If they fail to pay the $402 filing fee, or fail to otherwise demonstrate that they are unable to pay the filing fee within the required time, this action will be dismissed without prejudice.

If Plaintiffs pay the filing fee, the Court will review the Complaint to determine whether the Court has subject matter jurisdiction over this matter.[1] If it does not, the case shall be dismissed. *See* Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 16, 2022
       Brooklyn, New York

---

[1] Plaintiffs are advised that Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *See Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d 697, 700–01 (2d Cir. 2000). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Plaintiffs bear the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).